UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MEREDITH DOYLE

      Plaintiff,

v.

VINCENT RINALDI and
OLYPSYS PUBLISHING COMPANY

      Defendants.

CIVIL ACTION NO. _____

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### NATURE OF THE ACTION

This is an action by Plaintiff Ms. Meredith Doyle ("Ms. Doyle") against Defendants

Vincent Rinaldi ("Mr. Rinaldi") and Olypsys Publishing Company, Inc. ("Olypsys Publishing")

(each a "Defendant" and collectively, the "Defendants") for declaratory judgment, copyright

infringement, fraud on the U.S. Copyright Office, conversion, and violation of M.G.L. ch. 93A.

Plaintiff seeks, among other things, declaratory relief, injunctive relief, damages, attorneys' fees,

punitive damages, and costs. Plaintiff asserts the following claims against the Defendants.

### JURISDICTION AND VENUE

1.      This is a civil action seeking damages and injunctive relief for copyright

infringement under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

2.      This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331

(federal question); and 28 U.S.C. § 1338(a)(copyright).

3.       This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendant resides in this District, and the acts of infringement complained of herein occurred in this District.

PARTIES

4.       Plaintiff Meredith Doyle is a musician, singer/songwriter, residing in Walpole, Massachusetts.

5.       Defendant Olypsys Publishing is incorporated in Massachusetts, with its principal place of business located at 3 Mogan Way, East Wareham, Massachusetts.

6.       Upon information and belief, Olypsys Publishing is owned and controlled by Vincent Rinaldi.

7.       Olypsys Publishing is engaged in the business of music publishing and distribution.

8.       Defendant Vincent Rinaldi is a resident of East Wareham, Massachusetts.

FACUAL BACKGROUND

*Meredith Doyle Creates Two Songs "Change" and "Only One"*

9.       On or around June 2009, Meredith Doyle wrote the lyrics to two songs titled "Change" and "Only One."

10.      On or around March 2010, Ms. Doyle met Vincent Rinaldi and his girlfriend Patricia Panzarino and joined their music band named Olypsys.  Among the other band members was Adam Doyle, Ms. Doyle's cousin.

11.      On or around April 2010, Ms. Doyle played "Change" and "Only One" for  the band.

- 2 -

12.     Soon after, Olypsys began producing and recording Ms. Doyle's songs "Change" and "Only One," along with three songs written by Mr. Rinaldi and Ms. Panzarino.

13.     On December 18, 2010, while the band was less than halfway through production of "Change" and "Only One," Mr. Rinaldi kicked Ms. Doyle and her cousin Adam out of the band.

14.     On or about December 23, 2010,  Vincent Rinaldi informed Ms. Doyle that he intended to finish producing and recording her two songs and release them on Olypsys' forthcoming demo album.

15.     Ms. Doyle immediately replied in e-mails dated December 23 and 24, 2010,  that the band and its remaining members did not have her permission to use her songs on its demo album or any other future projects or performances and demanded that they not use them in any way whatever. A true and accurate copy of Ms. Doyle's email is attached hereto as *Exhibit A*.

16.     On December 24, 2010,  Mr. Rinaldi stated in emails to Ms. Doyle that despite not having her permission, he would continue with his plan to release her two songs on Olypsys' album and that Olypsys would perform them. A true and accurate copy of Mr. Rinaldi's email is attached hereto as *Exhibit B*.

*Ms. Doyle Registers "Change" and "Only One" with the Copyright Office*

17.     On December 24, 2010, Ms. Doyle created a so-called  "poor man's copyright" by placing the lyrics to her two songs in two separate envelopes and mailing them to herself. True and accurate copies of the pictures of Ms. Doyle's "poor man's copyright" are attached hereto as *Exhibit C*.

18.     Also on December 24, 2010, Ms. Doyle took pictures of the two envelopes and has not opened them since receiving them via first class mail.

19.     On December 24, 2010, Ms. Doyle also filed a Copyright application for her two songs with the United States Copyright Office.

20.     On May 6, 2011, Ms. Doyle was issued an official Copyright Certificate of Registration for her two songs "Change" and "Only One" or "Change, et al." (collectively the "Copyrighted Songs"). The registration number for both compositions is Pau-3-556-885.  A true and accurate copy of the Ms. Doyle's Copyright Registration is attached hereto as ***Exhibit D***.

### Defendants Commit Fraud on the Copyright Office

21.     Despite having been instructed by Ms. Doyle not to use her songs, and will full knowledge of Ms. Doyle's exclusive rights in her songs, at some point after December 24, 2010, Mr. Rinaldi caused Olypsys Publishing to file a Copyright application with the United States Copyright Office for Ms. Doyle's songs "Change" and "Only One."

22.     Upon information and belief, the application named Ms. Doyle as the author of the songs but falsely stated that Ms. Doyle had transferred the songs to Olypsys Publishing by written agreement.

23.     On May 31, 2011, Olypsys Publishing was issued a Copyright Certificate of Registration for Ms. Doyle's Copyrighted Songs.

24.     The Certificate of Registration states that the Copyrighted Songs were transferred by written agreement. A true and accurate copy of the Registration is attached hereto as ***Exhibit E***.

25.     Ms. Doyle has never transferred her rights in the Copyrighted Songs to any party by written agreement or otherwise and maintains the exclusive rights of those songs granted to her under the Copyright Act.

EAST\51374990.5

### *Defendants Continue to Infringe on the Exclusive Rights Granted to Ms. Doyle Under the Copyright Act*

26.     On December 29, 2010, Ms. Doyle sent Mr. Rinaldi a letter ordering the Olypsys band to cease and desist the illegal use, production, distribution, recording, sales, and/or performance of the Copyrighted Songs. A true and accurate copy of the letter is attached hereto as *Exhibit F*.

27.     On January 4, 2011, in response to Ms. Doyle's December 29, 2010 letter, Mr. Rinaldi sent a text message to Ms. Doyle that stated the following: "Grow up. Change will be released as planned. You do not have the intelligence or money to stop me. I got your ridiculous letter. I laughed for an hour." A true and accurate copy of the text message image is attached hereto as *Exhibit G*.

28.     On January 5, 2011, Mr. Rinaldi sent Ms. Doyle the following Facebook message: "Do what you feel you must do. I am proceeding as planned. The ENTIRE CD will be released on time." A true and accurate copy of Mr. Rinaldi's Facebook message is attached hereto as *Exhibit H*.

29.     On or about August 10, 2011, Ms. Doyle, by her attorney, sent a second "Cease and Desist" letter to Olypsys Publishing, Mr. Rinaldi, and Ms. Panzarino again ordering the band Olypsys to cease and desist the illegal use, production, distribution, recording, sales, and/or performance of the Copyrighted Songs. A true and accurate copy of Ms. Doyle's second "Cease and Desist" letter is attached hereto as *Exhibit I*.

30.     On August 16, 2011, Ms. Doyle, by her attorney, sent a third "Cease and Desist" letter to Olypsys Publishing, Mr. Rinaldi, and Ms. Panzarino. A true and accurate copy of the follow up "Cease and Desist" letter is attached hereto as *Exhibit J*.

EAST\51374990.5

31.     On August 23, 2011, Mr. Rinaldi replied to Ms. Doyle's third "Cease and Desist" letter and stated, in part, the following: "Please be advised that OLYPSYS PUBLISHING CO owns the publishing rights to the songs 'Change' and 'Only One.' I have in my possession official US Government copyrights to that effect...No one can prohibit my band from performing said songs...I AM NOT pursuing any financial damages at this time although I reserve the right to do so should she decide to independently publish these songs on her own." A true and accurate copy of Mr. Rinaldi's response is attached hereto as *Exhibit K*.

32.     On September 2, 2011, Ms. Doyle, by her attorney, sent a fourth "Cease and Desist" letter to Olypsys Publishing, Mr. Rinaldi, and Ms. Panzarino. A true and accurate copy of the follow up "Cease and Desist" letter is attached hereto as *Exhibit L*.

33.     Upon information and belief, the Defendants have chosen to ignore Ms. Doyle's "Cease and Desist" letters and willfully continue their unlawful conduct.

### *Defendant Olypsys Publishing and Vincent Rinaldi Register Ms. Doyle's Copyrighted Songs with Broadcast Music Inc.*

34.     Broadcast Music Inc. ("BMI") is a company that collects and distributes license fees as royalties on behalf of its members, which are songwriters, composers, and music publishers. Members register individual songs with BMI and receive royalties from the company when their registered songs have been performed.

35.     On or about May 6, 2011, Olypsys Publishing and Mr. Rinaldi registered Ms. Doyle's Copyrighted Songs with BMI and identified Olypsys Publishing as the owner of the Copyrighted Songs.

36.     Soon after Mr. Rinaldi registered Ms. Doyle's songs with BMI, he told Ms. Doyle that she needed his permission to publicly perform her Copyrighted Songs and that she was required to pay him royalties if she performed the Copyrighted Songs without his permission.

- 6 -

37.     On January 27, 2012, Ms. Doyle, by her attorney, sent a letter to BMI demanding the removal of the Copyrighted Songs from Olypsys Publishing's registration and repertoire. A true and accurate copy of Ms. Doyle's letter is attached hereto as *Exhibit M*.

38.     On January 30, 2012, Mr. Rinaldi emailed Ms. Doyle and her attorney stating, in relevant part, "I will not have these songs removed, nor will I stop the publication of the same should I decide to do so…Should she wish I will agree to transfer the publishing rights to these songs to another publisher of her choosing. Have your client send me the appropriate transfer paperwork along with a check for $2500.00 which is my fee for this service." A true and accurate copy of Mr. Rinaldi's email is attached hereto as *Exhibit N*.

39.     On March 12, 2012, Specialist in Research & Works Maintenance for BMI, David Fouse sent a letter to Mr. Rinaldi and Olypsys Publishing requesting documentation to support their claim of ownership over the Copyrighted Songs. BMI told Mr. Rinaldi and Olypsys Publishing that they needed to supply the ownership documentation by May 15, 2012 or the Copyrighted Songs would be removed from BMI's database and from Olypsys Publishing's catalog. A true and accurate copy of Mr. Fouse's letter is attached hereto as *Exhibit O*.

40.     On May 21, 2012, BMI's Senior Director of Legal and Business Affairs and Performing Rights, Richard Garza, sent a follow up letter to Mr. Rinaldi and Olypsys Publishing again seeking evidence of an agreement recognizing Olypsys Publishing as the publisher of record for the Copyrighted Songs.  A true and accurate copy of Mr. Garza's letter is attached hereto as *Exhibit P*.

41.     On May 23, 2012, BMI removed Ms. Doyle's Copyrighted Songs from Olypsys Publishing's registration and repertoire because neither Olypsys nor Mr. Rinaldi could provide evidence that they had any rights in Ms. Doyle's Copyrighted Songs.

EAST\51374990.5

42.     Since BMI's removal of Ms. Doyle's Copyrighted Songs, Mr. Rinaldi has continuously demanded varying sums of money from Ms. Doyle in exchange for abandoning his fraudulently obtained copyright.

43.     Currently, Defendants refuse to cancel Olypsys Publishing's Registration of Ms. Doyle's Copyrighted Songs.

## COUNT I

## DECLARATORY JUDGMENT

44.     Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

45.     An actual controversy exists concerning the ownership of the copyright in Ms. Doyle's songs "Change" and "Only One." A judicial declaration is necessary and appropriate at this time in order for the Plaintiff to ascertain her rights and interests in the Copyrighted Songs.

46.     Ms. Doyle is the author and composer of the Copyrighted Songs and received her official Copyright Registration prior to Olypsys Publishing's fraudulently obtained Registration.

47.     Without permission or authorization, Defendants declared Olypsys Publishing as the owner of the Copyrighted Songs and registered them under Olypsys Pubilshing's registration and repertoire with BMI in willful disregard of Ms. Doyle's rights.

48.     Ms. Doyle has no adequate remedy at law and seeks declaratory relief.

49.     Ms. Doyle is entitled to declaratory relief establishing that:

    i.      Ms. Doyle is the author of the Copyrighted Songs;

    ii.     Ms. Doyle is the sole owner of the copyright in her Copyrighted Songs;

- 8 -

iii.     Defendants infringed on Ms. Doyle's copyright by registering the

Copyrighted Songs under Olypsys Publishing's BMI registration and

repertoire; and

iv.     The Copyright Registration issued to Olypsys Publishing is invalid.

## COUNT II

### INFRINGEMENT OF COPYRIGHT

50.     Plaintiff incorporates herein by this reference each and every allegation contained

in each paragraph above.

51.     Ms. Doyle is the sole and exclusive author and composer of "Change" and "Only

One," and owner of the copyright in those two songs.

52.     Among the exclusive rights granted to Ms. Doyle under the Copyright Act are the

exclusive rights to reproduce, perform, and distribute copies through sale or transfer of

ownership.

53.     Defendants have infringed on Ms. Doyle's copyright by fraudulently declaring

Olypsys Publishing to be the owner of the Copyrighted Songs and attempting to profit on

royalties for performances of Ms. Doyle's Copyrighted Songs.

54.     Upon information and belief, the Defendants' foregoing acts of infringement have

been willful and intentional, in disregard of and with indifference to Ms. Doyle's rights.

55.     As a result of the Defendants' infringement of Plaintiff's copyright and exclusive

rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c)

for Defendants' infringement of the Copyrighted Songs. Plaintiff further is entitled to her

attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT III

EAST\51374990.5

## FRAUD ON THE COPYRIGHT OFFICE

56.     Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

57.     The Copyright Registration issued to Olypsys Publishing for the Copyrighted Songs is materially and factually inaccurate because it incorrectly states that Ms. Doyle transferred her rights in the Copyrighted Songs to Olypsys Publishing by agreement.

58.     Ms. Doyle never transferred her rights in the Copyrighted Songs to any party and currently maintains the exclusive rights of those songs granted to her under the Copyright Act.

59.     Upon information and belief, the material and factual inaccuracies in Olypsys Publishing's Copyright Registration were intentionally and willfully induced by false statements in the Copyright application submitted by Defendants.

60.     Upon information and belief, the U.S. Copyright Office relied on the material and fraudulent ~~falsehoods~~ inaccuracies in Defendants' Copyright application in connection with the issuance of the Copyright Registration to Olypsys Publishing.

61.     Ms. Doyle has been prejudiced and suffered damage as a result of Defendants' fraud.

62.     This Court should issue an order cancelling Olypsys Publishing's Copyright Registration.

63.     Ms. Doyle demands any and all damages, punitive damages, attorneys' fees and costs arising from Defendants' fraud on the Copyright Office.

- 10 -

## COUNT IV

## VIOLATION OF M.G.L. Ch. 93A, §1, *et seq.*

64.     Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

65.     At all relevant times, Defendants knowingly and intentionally engaged in unfair and deceptive conduct within the meaning of Chapter 93A.  Among other things, Mr. Rinaldi knowingly caused Olypsys Publishing to file a Copyright application for works that did not belong to it.

66.     Moreover, after Olypsys Publishing fraudulently obtained a Copyright Registration of Ms. Doyle's Copyrighted Songs, Mr. Rinaldi demanded payment for the abandonment of the company's fraudulent Copyright Registration.

67.     Defendants' unfair and deceptive practices caused Ms. Doyle to suffer an ascertainable loss of money as she refrained from profiting on her two Copyrighted Songs for fear Defendants would sue her.

68.     By reason of the foregoing, Ms. Doyle is entitled to treble damages, punitive damages, injunctive relief, attorney's fees and costs as provided by Chapter 93A.

## COUNT V

## CONVERSION

69.     Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

70.     Ms. Doyle owns property rights in her Copyrighted Songs, which are protected under the Copyright Act.

- 11 -

71.     By virtue of the conduct alleged herein, Defendants wrongfully converted such property to their own use in order to profit from the royalties for the performances of the Copyrighted Songs.

72.     Due to the Defendants' conversion of Ms. Doyle's property, Ms. Doyle was unable to register her own Copyrighted Songs with any licensing company, depriving her of royalties for the performances of her songs.

73.     Defendants' conduct in converting Ms. Doyle's property was willful and done in conscious disregard of Ms. Doyle's rights.

74.     As a result of Defendants' wrongful deprivation and conversion of Ms. Doyle's property, Ms. Doyle has been damaged, and is entitled to an award of damages, which amount will be proved at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief;

    a.     For a declaration that:

        i.   Ms. Doyle is the author of the Copyrighted Songs;

        ii.  Ms. Doyle is the sole owner of the copyright in her Copyrighted Songs;

        iii. Defendants infringed on Ms. Doyle's copyright by registering the Copyrighted Songs under Olypsys Publishing's BMI registration and repertoire; and

        iv.  The Copyright Registration issued to Olypsys Publishing is invalid.

    b.     For an order declaring the Certificate of Copyright Registration for "Change" and "Only One" is invalid due to Defendants' fraud on the Copyright Office;

    c.     For treble damages and attorney's fees pursuant to Mass. Gen. Law ch. 93A;

- 12 -

d.      For an award of damages resulting from Defendants' conversion; and

e.      For any and all relief that this Honorable Court deems just, equitable, and

appropriate.

Respectfully submitted,

Janeen Blake (BBO #676969)
Brice Falby (BBO #544143)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts  02110-1447
Telephone:  617.406.6016
Fax:  617.406.6116

*Counsel for Meredith Doyle*

Dated: December 14, 2012

- 13 -